**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BELINDA HELEN LOWE,**

    **Plaintiff,**

**v.**                                                    **Case No: 5:24-cv-654-PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

---

## ORDER

Plaintiff appeals the administrative decision denying her application for a period of disability and disability insurance benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I submit that the ALJ's decision should be affirmed.

### I.   BACKGROUND

On December 31, 2020, Plaintiff filed an application for DIB benefits alleging disability beginning April 15, 2020. Plaintiff's claim was denied initially, and upon reconsideration. (Tr. 623-57). At the hearing on April 26, 2022, Plaintiff, who was represented, testified as did a vocational expert. On August 3, 2022, the Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff not disabled. (Tr. 54-70). Plaintiff requested review of the hearing decision and on June 21, 2023, the Appeals Council vacated the decision and remanded the case for further proceedings before the ALJ. (Tr. 71-76).

On March 14, 2024, Plaintiff attended another hearing before the ALJ, and both she and a vocational expert testified. (Tr. 13-36). On April 18, 2024, the Administrative Law Judge (ALJ) issued a partially favorable decision, finding Plaintiff disabled beginning on

January 1, 2023. (Tr. 80-93). Plaintiff's request for review was denied by the Appeals Council, and Plaintiff initiated this action on December 6, 2024. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: bilateral knee degenerative joint disease, history of deep vein thrombosis (DVT), lower left extremity peripheral vascular disease (PVD), bilateral foot disorder and bunion deformity, right shoulder disorder, right carpal tunnel syndrome, and obesity. (Tr. 83). The ALJ found that prior to January 1, 2023, Plaintiff had the residual functional capacity to perform sedentary work except that she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally stoop; and never kneel, crouch, or crawl. She can have no concentrated exposure to vibration. Additionally, she should have no exposure to unprotected heights, or dangerous moving machinery. Further, she can frequently reach, handle, and finger with her right upper extremity; and occasionally reach overhead with her right upper extremity. (Tr. 84). Based upon this RFC, and testimony from a vocational expert, the ALJ found that prior to January 1, 2023, Plaintiff could perform her past relevant work as an order clerk. (Tr. 88).

The ALJ concluded, however, that Plaintiff had greater functional limitations beginning on January 1, 2023. She found Plaintiff able to perform sedentary work with most of the same functional limitations, but with the addition that Plaintiff would be off task 20 percent during the workday and/or would be expected to be absent at least 2 days per month, due to knee pain. (Tr. 89). Based on this RFC, and testimony from a vocational expert, the ALJ concluded that beginning on January 1, 2023, Plaintiff could not perform her past

relevant work, and that there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 91-92). The ALJ further concluded that even if Plaintiff had the RFC for the full range of sedentary work, a finding of "disabled" was directed by Medical-Vocational Rule 201.14.

Accordingly, the ALJ determined that Plaintiff was not disabled prior to January 1, 2023, but became disabled on that date, and has continued to be disabled through the date of the decision. (Tr. 93).

## II.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a

scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III.    DISCUSSION

It is important to note that Plaintiff is appealing a partially favorable decision and is only challenging the ALJ's decision that Plaintiff was not disabled prior to January 1, 2023. (Doc. 18 at 1). Plaintiff wants to leave intact the ALJ's other finding that Plaintiff became disabled on January 1, 2023. Perplexingly, Plaintiff does not dispute the ALJ's evaluation of any evidence that the ALJ considered in finding that Plaintiff was not disabled prior to January 1, 2023. Rather, Plaintiff contends that the ALJ failed to properly consider medical source opinions that were considered by the ALJ in finding that Plaintiff became disabled as of January 1, 2023.

Specifically, Plaintiff takes issue with the ALJ's consideration of the December 18, 2023, opinion of Dr. Corsetti and the January 11, 2024, opinion of Dr. Walsh. (Tr. 90-91). Both doctors completed questionnaires in which they checked whether they "agree" or "disagree" with assertions made by Plaintiff's legal representative regarding Plaintiff's

medical conditions and resulting limitations. (Tr. 616-18, 621-22). Both doctors checked that they agreed with each assertion without offering any further explanation, and they checked "yes" when asked "[a]re your answers to the above based on your clinical observations, medical reports and other medical records of your peers, regardless of whether they are reflected in your clinical notes?" They both also checked that they agreed that the conditions and limitations lasted approximately since April 15, 2020.

The ALJ must assess the persuasiveness of a medical source's opinions in light of the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he or she considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

"Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021). *Id.* "Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record." *Sosa v. Kijakazi*, No. 8:20-cv-1360-SPF, 2022 WL 420755, *3 (M.D. Fla. Feb. 11, 2022).

Even if the ALJ failed to sufficiently address the supportability and consistency factors as to Dr. Corsetti's December 18, 2023, opinion and Dr. Walsh's January 11, 2024, opinion, such error is harmless because these opinions are not relevant to whether Plaintiff was disabled prior to January 1, 2023—the only issue currently before the Court on appeal. Indeed, the ALJ only discussed these opinions in making her determination that Plaintiff became disabled on January 1, 2023. And while both doctors checked that they agreed that Plaintiff's conditions and limitations had lasted approximately since April 15, 2020," neither doctor offered any explanation for this finding nor identified any specific records in support. As to Dr. Walsh, the record reflects that he did not even evaluate Plaintiff until November 30, 2023. (Tr. 608-10). And, with respect to Dr. Corsetti, Plaintiff has not challenged the ALJ's consideration of Dr. Corsetti's prior opinion dated July 19, 2021—an opinion that was discussed in detail by the ALJ in finding that Plaintiff was able to perform a range of sedentary work prior to January 1, 2023. (Tr. 87,609-09).[1]

---

[1] In that earlier opinion, Dr. Corsetti opined that reasonable accommodations to account for Plaintiff's condition would include alternate sit/stand as needed, no squatting or kneeling, and no lifting over 5-10 pounds. (Tr. 87, 608-09). The ALJ discussed this opinion at length:

> This opinion is partially persuasive, as it is partially consistent with and supported by the record, reflecting the claimant should never kneel, crouch, or crawl based on her bilateral knee degenerative joint disease. However, an as needed sit/stand option and never lifting over 5-10 pounds is an overestimate of the severity of the claimant's physical impairments based on the claimant's own testimony that she is able to stand and/or walk 30 minutes before needing a break, lift a case of water while working, and is able to stand on her feet while at work, working 4- to 7-hour shifts. She is also able to perform household chores, such as cleaning (Hearing testimony). In addition, during the internal medicine consultative examination, her gait was narrow based, but with normal cadence and steady, and required no assistive device (4F). Therefore, it is justified to restrict her to sedentary work that accounts for the severity of her bilateral knee

Moreover, a review of the ALJ's finding that prior to January 1, 2023, Plaintiff could perform a range of sedentary work is supported by substantial evidence. Indeed, the ALJ considered Plaintiff's subjective statements, the objective medical evidence, prior administrative medical findings, and opinion evidence from before the established onset date. (Tr. 84-88). Plaintiff has not challenged the ALJ's consideration of any of this record evidence.

Accordingly, I submit that the ALJ's decision is supported by substantial evidence and should be **affirmed.**

**DONE and ORDERED** in Ocala, Florida on March 13, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

degenerative joint disease, combined with peripheral vascular disease and foot disorders, as well as right upper extremity impairment.

(Tr. 87).